**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4790**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WALDA LORENA LUNA, a/k/a Maria Aguilar Diaz,

                    Defendant - Appellant.

**No. 16-4791**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

PERFECTO RUANO,

                    Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:16-cr-00011-D-1; 7:16-cr-00011-D-2)

Submitted:  November 29, 2017                    Decided:  December 8, 2017

Before KING, AGEE, and FLOYD, Circuit Judges.

———————————

No. 16-4790, affirmed; No. 16-4791, dismissed by unpublished per curiam opinion.

———————————

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina; Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellants. Jennifer, P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walda Lorena Luna and Perfecto Ruano were implicated in the same criminal scheme, and their cases were consolidated in district court. Luna pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit offenses against the United States (mail fraud), in violation of 18 U.S.C. § 371 (2012); filing a false income tax return, in violation of 26 U.S.C. § 7206(1) (2012); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). Ruano pleaded guilty, pursuant to a separate written plea agreement, to conspiracy to commit offenses against the United States (mail fraud), in violation of 18 U.S.C. § 371. Luna and Ruano now seek to appeal their sentences, and their appeals have been consolidated.

Luna alleges that the district court erred by impermissibly relying on her nationality as a sentencing factor. Ruano alleges that the district court erred by imposing a substantively unreasonable sentence. The Government has moved to dismiss both appeals as barred by the Appellants' waivers of the right to appeal included in their plea agreements.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Id.* (internal quotation marks omitted). We conduct our assessment "by reference to the totality of the circumstances" surrounding the waiver. *Id.* (internal quotation marks omitted). "Generally, if a district court questions a defendant

3

regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Upon review of the plea agreements and the transcript of the Fed. R. Crim. P. 11 hearing conducted for both Appellants, we conclude that under the totality of the circumstances, Ruano knowingly and voluntarily waived his right to appeal. Moreover, the issue Ruano seeks to raise on appeal, the substantive reasonableness of his 57-month sentence, falls squarely within the scope of this valid waiver.

As to Luna, we conclude that, while Luna knowingly and voluntarily waived her right to appeal, the issue she seeks to raise on appeal falls outside the scope of her waiver of appellate rights. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (noting that defendant "could not be said to have waived his right to appellate review of a sentence . . . based on a constitutionally impermissible factor"). However, there is no evidence in the record to support Luna's claim that the district court relied on her nationality as a sentencing factor. Therefore, the sole claim Luna raises is meritless.

Accordingly, we grant the Government's motion to dismiss Ruano's appeal. We deny the Government's motion to dismiss Luna's appeal, but we affirm Luna's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 16-4790, AFFIRMED;*
*No. 16-4791, DISMISSED*

4